

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
        - v. -                   :    INFORMATION
                                 :
SHAILESH SAIGAL,                 :    08 Cr.
                                 :
             Defendant.          :
                                 :
- - - - - - - - - - - - - - - - x
```



08 CRIM 115

### COUNTS ONE THROUGH THREE

#### (Wire Fraud)

The United States Attorney charges:

#### The Fraudulent Scheme

1. From at least in or about September 2004 up to and including in or about March 2005, SHAILESH SAIGAL, the defendant, engaged in a scheme to defraud by selling or offering for sale in Internet auctions and in direct transactions paintings that SAIGAL represented to be authentic works of art by certain renowned artists when in truth and in fact SAIGAL well knew the paintings to be fake because they were not in fact works by the artists he claimed them to be.

2. As part of his scheme to defraud, SHAILESH SAIGAL, the defendant, sold or offered to sell, among other things, paintings that SAIGAL represented to be authentic works of art by the hand of Hale Woodruff (1900-1980), a noted African-American artist. Specifically, SAIGAL sold or offered to sell three paintings purportedly created by Woodruff ("Painting One,"

"Painting Two," and "Painting Three," respectively) to a gallery owner in New York, New York (the "Gallery Owner"). The Gallery Owner paid SAIGAL approximately $55,000 for Paintings One and Two, and SAIGAL attempted to sell Painting Three to the Gallery Owner for approximately $30,000. In truth and in fact, as SAIGAL well knew, Paintings One, Two, and Three were not original, authentic works of art painted by Woodruff.

### Statutory Allegation

3.   On or about the dates set forth below, in the Southern District of New York and elsewhere, SHAILESH SAIGAL, the defendant, unlawfully, wilfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud purchasers of art and to obtain money from those purchasers, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound for the purpose of executing such scheme and artifice, to wit, SAIGAL sent via facsimile from Ann Arbor, Michigan to New York, New York the following communications relating to Paintings One, Two, and Three, which SAIGAL represented to be original, authentic works of art by Woodruff, when in fact SAIGAL knew that Paintings One, Two and Three were not by the hand of Woodruff:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | September 24, 2004 | Facsimile of fully executed purchase agreement for Painting One, sent by SAIGAL in Ann Arbor, Michigan to the Gallery Owner in New York, New York |
| TWO | January 11, 2005 | Facsimile of cover letter relating to sale of Painting Two, sent by SAIGAL in Ann Arbor, Michigan to the Gallery Owner in New York, New York |
| THREE | March 5, 2005 | Facsimile of fully executed purchase agreement for Painting Three, sent by SAIGAL in Ann Arbor, Michigan to the Gallery Owner in New York, New York |

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

4. As the result of committing one or more of the wire fraud offenses in violation of Title 18, United States Code, Sections 1343 and 2, as alleged in Counts One, Two and Three of this Information, SHAILESH SAIGAL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to at least approximately $55,000 in United States currency, in that such sum in aggregate is property representing the amount of

3

proceeds obtained as a result of the wire fraud offenses.

<u>Substitute Asset Provision</u>

3. If any of the above-described forfeitable property, as a result of any act or omission of SHAILESH SAIGAL, the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SHAILESH SAIGAL,

Defendant.

INFORMATION

(18 U.S.C. §§ 1343 & 2)

MICHAEL J. GARCIA
United States Attorney.

---

February 11, 2008 - Information filed February 11, 2008 - The defendant Shailesh Saigal and his attorney David Gordon are present. AUSA Rebecca Rehn is present. Court Reporter Mike McDaniel is present. PSA Officer Tom Marin is present. See transcript. The defendant is arraigned (+ waives presentment). Counsel is retained. The defendant is amenable to and pleads not guilty. Bail is set $100,000 PRB with one FRP and Regular PSA Supervision. The defendant will surrender his passport. Travel is restricted to the SDNY + EDNY, the E.D. of Michigan. The defendant may travel between districts. The Court schedules a pretrial conference for March 28, 2008 at 11:30 am. Time is excluded.

Castel J.